# THE STATE ex rel. LEO E. KOEHLER v. MILES BULGER et al., Judges of County Court.

### In Banc, July 22, 1921.

1. **MANDAMUS: Payment of Salary.** Mandamus is an appropriate remedy to compel a public official, whose duty it is to pay another official his salary, to pay such salary, where its amount is fixed by law; for then no discretion is left as to the amount, and where the only question is what is the amount the law fixes as the salary, it is purely a legal one.

2. **COUNTY ENGINEER: Salary: For Ex Officio Duties Only.** The words of the statute (Sec. 10556, R. S. 1909) providing that in counties containing fifty thousand inhabitants, etc., "the county surveyor shall be *ex officio* county highway engineer, and his salary as surveyor and *ex officio* county highway engineer shall be not less than two thousand dollars and not more than three thousand dollars, as fixed by the county court," in view of the history

of the statute preceding such proviso, has reference to *ex officio* duties and *ex officio* salary only; the proviso did not mean that the county court could fix the salary of the officer both as county surveyor and *ex officio* county highway engineer at less than the statutory salary of the surveyor, but the term "as surveyor and *ex officio* county highway engineer" had reference to the office of engineer, and not to that of surveyor.

3. ——: ——: Amendment of 1919. Likewise the amendment to such statute made in 1919 (Sec. 10787, R. S. 1919) providing that in such counties "his salary as surveyor and *ex officio* county highway engineer shall be not less than three thousand dollars and not more than five thousand dollars, as may be fixed by the county court," meant that the salary of the *ex officio* county highway engineer, for the performance of the duties of that office, should be not less than three thousand dollars, in addition to his salary as county surveyor. The statute did not mean that the court could fix his salary for the performance of the duties of both offices at not less than three nor more than five thousand dollars, but it meant that the court could fix his salary for his *ex officio* duties as highway engineer at not less than three nor more than five thousand dollars, and did not give the court power to fix his salary as surveyor at all. In such counties, he is entitled to at least three thousand dollars a year, in addition to his statutory salary as county surveyor.

## Mandamus.

WRIT GRANTED.

*Clinton A. Welsh* for relator.

(1) The law relating to the office of county surveyor is found in Secs. 12709-12745, R. S. 1919. This is a separate and independent chapter creating the office of county surveyor; this is the office to which relator was elected, and about which there is no dispute. He is entitled to a salary of $3,000 per annum as county surveyor and bridge commissioner, under Sec. 11041, R. S. 1919. (2) The office of county highway engineer was created in 1907, Laws 1907, p. 401. The office was to be filled by appointment made by the county courts of the different counties in the State. The laws of 1909,

Laws 1909, p. 755, now Sec. 10787, R. S. 1919, provided for the filling of the office of county highway engineer in counties of rank of Jackson County by providing that the county surveyor shall be *ex officio* county highway engineer. The county surveyor has no option as to whether he shall be *ex-officio* county highway engineer, but the law makes it obligatory upon him to hold the office. State ex inf. v. Southern, 265 Mo. 285. Relator was elected to the office of county surveyor of Jackson County, Missouri. The law attaches to this office *ex officio* the office of county highway engineer; that is, the law thus connects the two offices with separate and distinct duties together, and required the same person to discharge the duties of both offices. Callahan v. Davis, 125 Mo. 27; Howard v. Heck, 88 Mo. 259; Jones v. Williams, 139 Mo. 66. (3) An officer holding two offices can claim compensation for both offices. 29 Cyc. 1424; Dyche v. Davis, 92 Kan. 971, 977. (4) The law relating to county surveyors and the law relating to county surveyors and *ex officio* county highway engineers has been continued in force in this State for some time, and it must be presumed that the Legislature meant just what it has done. It was provided in Sec. 10556, R. S. 1909, that the county surveyor in counties of the population of Jackson County shall be *ex officio* county highway engineer, and his salary "as surveyor and *ex officio* county highway engineer shall not be less than $2,000 and not more than $3,000." If the Legislature did not intend this salary as compensation for services as county surveyor and *ex officio* county highway engineer, in addition to his salary of $3,000 under Sec. 10737, R. S. 1909, as county surveyor and bridge commissioner, then their intent was to cut down the salary of the county surveyor, in counties of the population of Jackson County, and to pay nothing for his services as county surveyor and *ex officio* county highway engineer. Cunningham v. Current River Ry. Co., 165 Mo. 271.

*A. L. Cooper,* County Counselor, and *Wallace Sutherland,* Assistant County Counselor, for respondents.

(1) An officer is entitled to no compensation for services unless the statute gives it, and statutes providing for compensation must be strictly construed. Gammon v. Lafayette County, 76 Mo. 675; State ex rel. v. Wofford, 116 Mo. 220; State ex rel. v. Brown, 146 Mo. 401; State ex rel. v. Adams, 172 Mo. 1. (2) Statute fixing salary of surveyor and *ex officio* county highway engineer embraces entire compensation. (3) The case of State ex rel. McGrath v. Walker, 97 Mo. 162; State ex rel. v. Sheehan, 269 Mo. 421, and Cunningham v. Current River Ry. Co., 165 Mo. 271, referred to by relator, all involved the right to extra compensation where the language of the statute was clear that the compensation for additional service was in addition to other compensation. (4) In view of the plain provisions of the statute, there is neither necessity nor occasion to discuss other questions referred to by relator, for as said in the McGrath case, it could make no difference whether McGrath was *ex officio* a member of the board of equalization or not, the law being clear in either event.

GRAVES, J.—This is a proceeding in mandamus. To relator's petition, the respondents, who constitute the County Court of Jackson County, entered their appearance, waived the issuance of our alternative writ, and filed their demurrer to such petition as if it were the alternative writ. The questions are purely questions of law. Relator was elected County Surveyor of Jackson County in November, 1920, and took possession of his office January 1, 1921. The contest is over the amount of salaries to which he is entitled. By virtue of his election to the office of County Surveyor he avers that he became *ex officio* County Highway Engineer of said county. He avers that he is entitled to $250 per month as County Surveyor and Bridge Commissioner, which he

says the respondents have regularly paid him. He also avers that he is entitled to $250 per month *ex officio* County Highway Engineer, which salary for the month of January the respondents duly paid to him, but that since said month of January the respondents have claimed that he was only entitled to the sum of $2,000 per year as *ex officio* County Highway Engineer, instead of $3,000, thus making his aggregate salaries for the two offi~es, $5,000 per annum, instead of $6,000 per annum. Hr avers that since January the respondents have tendered to him each month a warrant for his salary as *ex officio* County Highway Engineer in the sum of $166.-66⅔, which is the monthly salary if he is only entitled to $2,000 per annum, instead of $3,000 per annum. These warrants the relator declined to accept, but had throughout demanded $250 per month. The several sections of the statutes under which relator bases his claims are cited and set out in his petition, but these we leave for the opinion. As the demurrer admits all well pleaded facts, we have the simple issue as to whether or not the relator, under the law, is entitled to $250 or only $166.66⅔ per month as *ex officio* County Highway Engineer.

He asks that this court compel the respondents, as judges of the County Court of Jackson County, to issue him warrants for the months of February, March, April and May, in the sum of $250 each, or in the aggregate sum of $1000 for the four months. Such is the case for determination.

I. It may be conceded, as suggested by the respondents, that it devolves upon relator to show a clear right to the remedy herein sought. If, however, the amount of a salary is fixed by law, and for that reason no discretion is left as to the amount, then mandamus is an appropriate remedy to enforce the payment of a salary to a public official against the officer or officers, whose duty it is to pay such official. In such cases the salary is a fixed amount, if it exists at all, and

Mandamus.

the sole question is the legal one as to whether or not there is a liability. In the insistence above, respondents do not mean to question the remedy used in this case, but what they mean is that it must be plain that the salary claimed is one allowed by law. This clearly appears from the whole brief.

II. Relator contends that he holds two offices, one by election and the other *ex officio*. These offices he contends are created and governed by separate laws, and the duties thereof are fixed by such separate laws, and further that the salaries are likewise fixed by these separate statutes. The county surveyor, and his duties and fees, are fixed by Chapter 117, Revised Statutes 1919. It is an ancient office coming to us from Territorial days. Highway engineer is much more modern (Laws 1907 p. 401), and the provisions of law governing this office is found in Article 6 of Chapter 98, Revised Statutes 1919. By the Act of 1907, supra, the office was first created. In 1909 this Act of 1907 was repealed and a new law enacted in lieu thereof, which became Article V of Chapter 102, Revised Statutes 1909. This Act of 1909 in its general provisions is substantially the same as the present law, Article 6 of Chapter 98, Revised Statutes 1919. There were, however, some changes made in 1919, which are material here.

It would perhaps be best to start with the Act of 1907, Laws 1907, page 401. By this act there was created in the several counties of the State "the office of county highway engineer." Such officer was to be appointed by the county court for a term of two years, the salary of which office should not be less than $300 nor more than $2,000 as might be fixed by an order of the county court. The office was separate and distinct from that of county surveyor. The county surveyor was not mentioned in the act. By the Act of 1909, which became Article V of Chapter 102, Revised Statutes 1909, the first section (Sec. 10551, R. S. 1909) created the office of county high-

way engineer, such office to be appointed by the county court for term of one year, and until his successor was appointed and qualified. This Section 10551 applied to the "several counties" of the State. The fee provision of this Act of 1909 (which became Sec. 10553, R. S. 1909) reads:

"The county highway engineer shall receive such compensation as may be fixed by order of the county court of his respective county: *Provided,* his salary shall not be less than three hundred dollars nor more than two thousand dollars per annum: *Provided,* further, that in all counties in this State which contain or may hereafter contain more than fifty thousand inhabitants, and whose taxable wealth exceeds, or may hereafter exceed, the sum of forty-five million dollars, and which adjoin or contain therein, or may hereafter adjoin or contain therein, a city of more than one hundred thousand inhabitants by the last decennial census, the county surveyor and *ex officio* highway engineer shall receive a salary of not less than two thousand dollars nor more than three thousand dollars, as may be fixed by the county court."

By Section 10556, Revised Statutes 1909, the county court was authorized to appoint the county surveyor as county highway engineer, if he were competent. In which event, such county highway engineer should "receive the compensation fixed by the county court, as provided in Section 10553, in lieu of all fees, except such fees as are allowed by law for his services as county surveyor." Up to this date no fees had been established for a county highway engineer, nor is it a fee office now. It was a salary as fixed by the county court. There were fees then allowed to the county surveyor. [Sec. 10714, R. S. 1909.] See also Revised Statutes 1909, Section 11327, as to counties having 50,000 or more inhabitants and which adjoin a city of more than 300,000 inhabitants. In this Section 10556, Revised Statutes 1909, it was further provided:

"*Provided,* however, that in all counties in this State which contain or which may hereafter contain

more than fifty thousand inhabitants, and whose taxable wealth exceeds or may hereafter exceed the sum of forty-five million dollars, or which adjoin or contain therein, or may hereafter adjoin or contain therein, a city of more than 100,000 inhabitants by the last decennial census, the county surveyor shall be *ex officio* county highway engineer, and his salary as surveyor and *ex officio* county highway engineer shall be not less than two thousand dollars and not more than three thousand dollars, as may be fixed by the county court, and all fees collected in such counties by the surveyor, for his services as surveyor, shall be paid into the county treasury, to be placed to the credit of the county revenue fund."

This covered Jackson County, but in 1907 the county surveyor of said county had been placed on a salary basis, and his salary fixed at $3,000 per year payable monthly. [R. S. 1909, sec. 10737; Laws 1907, p. 420.]

Bearing in mind that both Sections 10556 and 10737 applied to Jackson County the question is, how is the expression "as to surveyor and *ex officio* county highway engineer" as used above, to be understood? We start with this Act of 1909, because we can best get the bearings at this date. Shall we, in the face of the fact that the County Surveyor of Jackson County was a salaried office, and the salary fixed by law at $3,000 per annum, reasonably say that Section 10556 in this proviso, meant to combine both offices and make the salary of both dependent upon the order of the county court, with a maximum for both services of $3,000, or shall we say that the expression "salary as surveyor and *ex officio* county highway engineer," as used here, has reference to the *ex officio duties* and the *ex officio* salaries? We are inclined to the latter view, when the history of the laws are considered. The surveyor has always been an elective officer, and this elective office had been and was upon a salary basis in Jackson County, and the counties of its class, when the office of county highway engineer was created. We had no county highway engineer prior to 1907, and

by the Act of 1907 they were appointed by the county court and their salary fixed by order of the county court. Not until 1909 were duties of this office made *ex officio* the duties of the surveyor in such counties as Jackson. It is hardly reasonable to hold that the lawmakers intended to have the county court fix the salary for the duties of the surveyor and for the county highway engineer, and be empowered to fix the salary of both at less than the statutory salary of the surveyor. We are inclined to the view that the term "as surveyor and county highway engineer" had reference to the office of engineer and not that of surveyor. If he were signing instruments in the capacity of engineer, he would properly sign "County Surveyor, and *Ex officio* County Highway Engineer." In fact to sign otherwise would be wrong. [Callahan v. Davis, 125 Mo. 27.]

We conclude that under the Act of 1909, Revised Statutes 1909, secs. 10551 et seq., the reference in Section 10556 as to salary has reference solely to the duties as engineer. What we have said as to Section 10556 applies with equal force to Section 10553, both of which we have quoted, supra. The amendments to the Act of 1909 we take next.

III. Going now to more recent amendments, we shall try to find the present status of this office in Jackson County. It must be borne in mind that we are discussing the statutes applicable to that county and counties of its class, and not other counties or classes of counties. In 1919, Section 10551, Revised Statutes 1909, was amended. [Laws 1919, p. 636.] By this amendment (which is now Sec. 10782, R. S. 1919) the county court appoints the county highway engineer for no fixed term, but for such time as that body finds advisable, and at a compensation to be fixed by the court. This therefore left all county highway engineers to be appointed by the county courts, except the excepted classes found in the statutes. Jackson County belonged to an excepted class under the Act of 1909, and so continues today. [Sec. 1787, R. S. 1919.]

289 Mo.—29

In 1919, Laws 1919, p. 634, Section 10556, Revised Statutes 1909, was amended and the substantial amendment was to change the old law where it gave the county court the right to allow from $2,000 to $3,000, so that the county court could allow from $3,000 to $5,000. This amended section is the present Section 10787, Revised Statutes 1919.

What we said as to old Section 10556 applies with equal force to this new section, in so far as the office to which it refers is concerned. As said, the salary of the county surveyor was fixed by law. He is and was an elective officer. It must be kept in mind that the office of county highway engineer, and of county surveyor, are separate offices, with separate and distinct duties. In this age of road building (the thing which called for a highway engineer) the duties of the office of highway engineer are extremely onorous, and it is not reasonable to conclude that the law-makers intended to abolish the salary of the surveyor (which was $3,000) and give the county the power to say that the duties of both officers must be performed for $3,000 per year. Yet, if respondents are right in their contentions, then the County Court of Jackson County could make an order that relator should be allowed only $3,000 for both offices. Their contention amounts to saying that the Act of 1909, as well as the Act of 1919, in effect, repealed Section 10737, Revised Statutes 1909, now Section 11041, Revised Statutes 1919, which fixed the salary of county surveyor at $3,000 per annum.

We do not believe that the law-makers so intended. If it was intended to so combine the two offices by the Act of 1909, Section 10556, Revised Statutes 1909, that only one salary was to be paid, the intention would have been more specifically made, and some mention would have been made of the fixed salary of $3,000 to the surveyor alone. With the view urged by respondents, the real purpose of the Act of 1909, was to empower the county court, by order, to reduce the salary of surveyor (fixed

by the existing law) from $3,000 to $2,000, and allow such officer nothing for the duties of "county surveyor, and *ex officio* county highway engineer." Such would be the effect of the contention made by respondents, as to the Act of 1909. So, too, as to the present law.

If it be true that the present Section 10787 was an allowance for both offices, then by order of the county court the salary for both offices could be fixed at $3,000, whilst the existing laws allow $3,000 to the surveyor's office alone, and the Act of 1909 must have repealed the section which fixed the surveyor's salary at $3,000, which section is now Section 11041, Revised Statutes 1919. This for the reason that such section fixed a salary by law, and Section 10737 (as respondents would have us construe it) vests the power of fixing the surveyor's salary in the county court. The Act of 1909, Laws 1909, p. 755, which is the basic law involved, shows no legislative intent to make such a repeal.

It specifically mentions the things repealed, but no part of the Surveyor's Act, or the act concerning his salary, are mentioned. So we repeat what we said as to the Act of 1909, that the words "as county surveyor and *ex officio* county highway engineer" as used through all these acts has reference to the office and to the duties of the highway engineer, and the pay there mentioned is to cover those duties, and not to cover the duties of the county surveyor as such. For services as county surveyor, the salary is fixed at $3,000 per annum. For "county surveyor and *ex officio* county highway engineer" the salary is not less than $3,000 nor more than $5,000. More than the minimum of $3,000 cannot be claimed, unless the county court has so ordered. The $3,000 is fixed by law, and must be paid.

We conclude that relator is entitled to two salaries of $3,000 each, one as county surveyor, under Section 11041, Revised Statutes 1919, and one under Section 10784, Revised Statutes 1919.

It therefore follows that our alternative writ should be made permanent, and it is so ordered. All concur.