Robert JONES, et al., Appellant,

v.

The Honorable Mel CARNAHAN, Governor of the State of Missouri, et al., Respondents.

No. WD 54063.

Missouri Court of Appeals, Western District.

Jan. 27, 1998.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 31, 1998.

Application for Transfer Denied May 26, 1998.

Christopher S. Gahagan, Stigall, Humphrey, Lucas, Henry, Stigall & Dollar, L.C., Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., John R. Munich, Gail Vasterling, Asst. Attys. Gen., Jefferson City, for respondent.

Before ULRICH, C.J., and SMART and LAURA DENVIR STITH, JJ.

ULRICH, Chief Judge.

Robert E. Jones and the other appellants are hearing officers employed by the Missouri Division of Employment Security (sometimes herein referred to as "hearing officers"). They claim that the State is not paying them appropriate remuneration for their services as hearing officers as required by section 288.220.4, RSMo 1994. They appeal from an order of the trial court dismissing their action for mandamus, declaratory judgment and back pay. Appellants raise three issues on appeal. They allege the circuit court erred by (1) failing to issue an order in mandamus where section 288.220.4 imposes a clear, unequivocal ministerial duty and the facts show that Respondents have failed to comply with the statutory directive to provide the hearing officers a salary "comparable to states of similar size and volume of operations" and where official immunity is inapplicable because a clear duty is imposed and because a tort action is not involved; (2) failing to grant a declaratory judgment against Respondents where declaratory judgment is an appropriate remedy; and (3) dismissing their action for back pay where the State was not entitled to sovereign immunity. The judgment is affirmed.

## FACTS

Robert E. Jones, a hearing officer employed by the Missouri Division of Employment Security (DES), and other hearing officers, brought suit against Governor Mel Carnahan; the Director of DES; the Director of Division of Personnel, Office of Administration; the Commission of Office of Administration; the Director of the Department of Labor and Industrial Relations; and members of the Personnel Advisory Board (PAB) (Respondents) alleging a violation of section 288.220.4, RSMo 1994. Mr. Jones and his colleagues contend the Respondents failed to comply with the statutory mandate of section 288.220.4 that provides in relevant part:

> The director shall collaborate with the personnel director and the personnel advisory board in establishing for employees of the division salaries comparable to the salaries paid by other states of a similar size and volume of operations to employees engaged in the administration of the employment security programs of those states.

§ **288.220.4, RSMo 1994.** Appellants specifically alleged that their salaries are not "comparable to states of similar size and volume of operations" as required by section 288.220.4. They sought either a writ of mandamus to compel compliance with the statute or declaratory judgment declaring the duty

of state officials as imposed by the statute. They also sued the State of Missouri for back pay, arguing that Respondents' failure to pay them a "comparable" salary had resulted in their being underpaid since at least 1989.

The circuit court granted Respondents' motion to dismiss the hearing officers' action for back pay. The court found that the State was protected by sovereign immunity from suit for back pay. The court also dismissed all the individual defendants except the Director of DES and the Director of Division of Personnel for failure to plead in the complaint any factual allegations against them; Appellants do not appeal the dismissal of these defendants. Respondents and Appellants then filed cross motions for summary judgment. Mr. Jones and his colleagues alleged in their summary judgment motion that Respondents had failed to identify states of "similar size and volume of operations" of unemployment insurance programs in order to establish salaries for Missouri's affected hearing officers employed by the Missouri Division of Employment Security. The hearing officers alleged that the Central States Salary Survey, the source that Respondents consulted when establishing the hearing officers' salary, is a compilation of salaries from a geographical grouping of states and is not reflective of the various states' size and volume of operations as required by section 288.220.4. Further, the hearing officers asserted that the data reflecting the salaries paid by states of similar size and volume of operations to hearing officers engaged in the administration of the employment security programs of applicable states exists and is readily available. The hearing officers alleged that the Respondents' failure to establish comparable salaries has caused the hearing officers to be significantly underpaid since at least 1989.

Respondents alleged in their motion for summary judgment that they complied with the statutory mandate in section 288.220.4 by consulting with the Central States Survey; official immunity barred Mr. Jones's and his colleagues' action; issuance of a writ of mandamus would be improper because the statute does not establish a clear and compelling non-discretionary right; and to grant declaratory judgment would be improper because

an order to follow the terms of the statute would not resolve the parties' controversy.

The circuit court granted Respondents' summary judgment motion and denied the hearing officers' summary judgment motion. The court concluded that Respondents were in compliance with the statute's terms. It further concluded that a writ of mandamus could not issue because the statute did not create the necessary clear, unequivocal right to the relief requested. The court also determined that declaratory judgment was not appropriate because an order to follow the terms of the statute would not resolve the parties' controversy. The court finally determined that setting salaries under section 288.220.4 was discretionary and, hence, official immunity also barred appellants' claim. This appeal followed.

## I. THE CIRCUIT COURT DID NOT ERR IN NOT ISSUING AN ORDER IN MANDAMUS

As their first point on appeal, the hearing officers contend the circuit court erred by not issuing its order in mandamus compelling Respondents to collaborate and establish salaries for the hearing officers "comparable to states of similar size and volume of operations" as required by section 288.220.4. The hearing officers specifically contend that mandamus was proper because the evidence showed Respondents have failed and refused to comply with the statutory directive. They further contend that because section 288.220.4 does not involve a discretionary act, Respondents were not entitled to the defense of official immunity. The hearing officers finally contend that even if section 288.220.4 does involve a discretionary act, official immunity cannot apply because official immunity is limited to tort actions, and their action is contractual in nature.

The extraordinary relief of mandamus has limited application. *State ex rel. Westside Development Co., Inc. v. Weatherby Lake*, 935 S.W.2d 634, 639 (Mo.App.1996). Mandamus will issue to compel the performance of a ministerial duty but not to compel the performance of a discretionary duty. *Id.; State ex rel. Wolfhole, Inc. v. Scott County*

*Soil and Water Conservation Dist.*, 880 S.W.2d 908, 910 (Mo.App.1994). A ministerial act is defined as an act that law directs the official to perform upon a given set of facts, independent of what the officer may think of the propriety or impropriety of doing the act in a particular case. *State ex rel. Kessler v. Shay*, 820 S.W.2d 311, 314 (Mo.App.1991). A discretionary act is one requiring the exercise of reason in determining how or whether the act should be done. *Smith v. Lewis*, 669 S.W.2d 558, 563 (Mo.App.1983).

▮ Mandamus will issue only when there is an unequivocal showing that the public official failed to perform a ministerial duty imposed by law. *Westside*, 935 S.W.2d at 639. The applicant for relief must prove that he has a clear, unequivocal, specific and positive right to have performed the act demanded, and the remedy will not lie if the right is doubtful. *State ex rel. Rock Road Frontage, Inc. v. Davis*, 444 S.W.2d 43, 47 (Mo.App.1969); *accord State ex rel. Dehn v. Schriro*, 935 S.W.2d 641, 644 (Mo.App.1996); *Wolfhole*, 880 S.W.2d at 910 (Mo.App.1994). To determine whether the right to mandamus is clearly established and presently existing, the court examines the statute under which the relator claims the right. *Dehn*, 935 S.W.2d at 644. If the statute involves a determination of facts or a combination of facts and law, a discretionary act rather than a ministerial act is involved and this discretion cannot be coerced by the courts. *Rock Road Frontage*, 444 S.W.2d at 47. The grant or refusal of a writ of mandamus is reviewed under an abuse of discretion standard. *Williams v. Gammon*, 912 S.W.2d 80, 83 (Mo.App.1995).

Whether the trial court abused its discretion in denying the hearing officers' writ of mandamus under section 288.220.4 must, therefore, be determined. Section 288.220.4 provides in relevant part:

> The director shall collaborate with the personnel director and the personnel advisory board in establishing for employees of the division salaries comparable to the salaries paid by other states of a similar size and volume of operations to employees engaged in the administration of the employment security programs of those states.

§ 288.220.4, RSMo 1994. A writ of mandamus would be proper under section 288.220.4 only if section 288.220.4 imposes a "clear, unequivocal, specific and positive right" to the salary sought by the hearing officers. *See State ex rel. Koehler v. Bulger*, 289 Mo. 441, 233 S.W. 486 (1921) (finding action for mandamus was appropriate because statute proscribed specific dollar amount and specific formula for arriving at amount for salaries of public officers).

▮ Analysis of the language of section 288.220.4 reveals that the establishment of the hearing officers' salaries under section 288.220.4 involves a discretionary act and, therefore, a writ of mandamus was not a proper remedy. Section 288.220.4 specifically authorizes three entities-the director, the personnel director and the personnel advisory board- to collectively establish salaries for the hearing officers. These three entities have, by authority of the statute, discretion in determining the proper salaries for the hearing officers so long as the salaries are "comparable to the salaries paid by other states of a similar size and volume of operations." While the three entities must comply with this legislative mandate, discretion is contemplated in determining what salaries are "comparable" and which states are of "similar size and volume of operations." Because section 288.220.4 involves an exercise of discretion, the trial court did not err in denying the hearing officers a writ of mandamus.

Having determined that the denial of the writ of mandamus was proper because section 288.220.4 involves a discretionary act, whether the trial court's grant of official immunity was proper need not be determined. Point one is denied.

## II. THE CIRCUIT COURT DID NOT ERR IN NOT GRANTING DECLARATORY JUDGMENT

As their second point on appeal, the hearing officers allege the trial court erred in not granting their request for declaratory judgment. They contend that declaratory judgment was proper because a dispute exists between Respondents and them, and data

exists by which the court could order Respondents to establish salaries for the hearing officers comparable to the salaries paid to hearing officers in states with such operations of similar size and volume.

Section 527.010 permits trial courts to enter declaratory judgments. § 527.010, RSMo 1994. Because the legislature intended that section as a remedial law affording relief from uncertainty, courts must interpret it liberally. *Teat v. Director of Revenue*, 806 S.W.2d 754, 757 (Mo.App.1991). In reviewing a petition for declaratory judgment, all well-pleaded facts and their concomitant reasonable inferences are accepted as true. *Id.* The test for sufficiency of a petition for a declaratory judgment depends on whether the parties show entitlement to a declaration of rights or status on the pleaded facts. *Id.* If the facts demonstrate any justiciable controversy, the trial court should declare the rights of the parties. *Id.* A declaratory judgment should have a conclusive effect and should lay to rest the parties' controversy. *Fulson v. Kansas City Star Co.*, 816 S.W.2d 297, 300 (Mo.App.1991).

The trial court did not err in refusing to grant the hearing officers' request for declaratory judgment because declaratory judgment would not have conclusive effect on the parties' controversy. Section 288.220.4 dictates that the salaries of hearing officers be "comparable to the salaries paid by other states of similar size and volume of operations." Broad discretion, however, is afforded Respondents in determining what salaries are "comparable" and which states have "similar size and volume of operations." The broad discretion afforded Respondents makes declaratory judgment inappropriate as the parties would remain in disagreement over how Respondents exercise the discretion authorized by the statute. That declaratory judgment would not resolve the parties' controversy is further evinced by Respondents' belief that their consultation with the Central States Salary Survey satisfies the legislative mandate of section 288.220.4 while the hearing officers argue that Respondents are not acting within their discretion. The trial court, therefore, did not err in denying a declaratory judgment. Point two is denied.

### III. WHETHER THE STATE IS ENTITLED TO SOVEREIGN IMMUNITY IN THE HEARING OFFICERS' SUIT FOR BACK PAY NEED NOT BE DETERMINED

As their final point on appeal, the hearing officers argue the circuit court erred in finding their action for back pay against the State was barred by sovereign immunity. The hearing officers specifically argue that their action is founded in contract and not in tort, and, hence, sovereign immunity is inapplicable.

Whether the trial court erred in granting the State sovereign immunity need not be determined, however, because Appellants have failed to state a theory of recovery on their action for back pay. The hearing officers premised their action for back pay on either the grant of a writ of mandamus or declaratory judgment. Having determined that the trial court's denial of the writ of mandamus and declaratory judgment was proper, the hearing officers' action for back pay, therefore, must be premised on a separate theory of recovery in order to survive the grant of summary judgment. The hearing officers, however, failed to plead any other theory that would arguably warrant recovery. Where a petition fails to state a claim upon which relief can be granted, the trial court is correct in ordering it dismissed. *In re Marriage of Harrison*, 734 S.W.2d 934, 938 (Mo.App.1987). The dismissal of the hearing officers' action for back pay was, therefore, proper. The dismissal of the hearing examiners' action for back pay is, therefore, affirmed. Point three is denied.

The judgment of the trial court is affirmed.

All concur