STATE ex rel. Christian D. TOMPRAS,
and Christian D. Tompras,
Appellant,

v.

BOARD OF ELECTION COMMIS-
SIONERS OF ST. LOUIS
COUNTY, Respondent,

Missouri Attorney General, Intervenor–
Respondent.

No. SC 86002.

Supreme Court of Missouri,
En Banc.

June 8, 2004.

Howard A. Shalowitz, Clayton, for Appellant.

Kevin M. O'Keefe, Paul E. Martin, Clayton, for Respondent.

Jeremiah W. (Jay) Nixon, Atty. Gen., James R. Layton, State Solicitor, Alana Barragan-Scott, Asst. Atty. Gen., Jefferson City, for Intervenor-Respondent.

PER CURIAM.

Christian D. Tompras attempted to file for election as a St. Louis County township committeewoman. The director of elections refused to accept the filing as Tompras was a male. Tompras sued, seeking a declaratory judgment that section 115.607 and all other laws in chapter 115 that exclude potential candidates from filing for, running for, or holding elected office based on their gender are unconstitutional. He also sought a writ of mandamus to be placed on the ballot as a candidate for township committeewoman.

The trial court denied all relief. Because the case involves the validity of a statute, this Court has jurisdiction. *Mo. Const. article V, section 3.* The requested declaratory judgment was properly denied; therefore, a writ of mandamus was properly denied. The judgment is affirmed.

■ As previously noted, Tompras sought a declaration that all laws in chapter 115 that exclude men and women from filing for, running for, or holding elected office based on their gender are unconstitutional. He only specifically identified section 115.607.[1] He alleged no facts identifying a specific violation as to any other section of chapter 115 and did not specify any other statute by number.

■ Ordinarily, a constitutional question must be raised at the first opportunity by specifically designating the provision claimed to be violated, identifying facts showing such violation, and the question must be preserved at each stage of review. The reason for this requirement is to prevent surprise to the opposing party and to permit the trial court an opportunity to fairly identify and rule on the issues. *Magee v. Blue Ridge Professional Bldg. Co., Inc.,* 821 S.W.2d 839, 844 (Mo. banc 1991). Except as to section 115.607, Tompras failed to preserve any constitutional claim as to chapter 115.

■ With respect to section 115.607, Tompras' claim that the statute violates his constitutional rights requires that the office of political party committeewoman be a public office.[2] It is not. *State ex rel. McCulloch v. Hoskins,* 978 S.W.2d 779, 782–84 (Mo.App.1998).

■ Section 115.607 incorporates the parties' "equal gender rules." The distinction between "political party office" and "public office" has been relied on to re-

---

1. Section 115.607.1, RSMo Supp.2003, provides:
   115.607. 1. No person shall be elected or shall serve as a member of a county committee who is not, for one year next before the person's election, both a registered voter of and a resident of the county and the committee district from which the person is elected if such district shall have been so long established, and if not, then of the district or districts from which the same shall have been taken. Except as provided in subsections 2, 3, 4, 5, and 6 of this section, the membership of a county committee of each established political party shall consist of a man and a woman elected from each township or ward in the county.

2. Article VII, section 10 of the Missouri Constitution, entitled "Equality of sexes in *public* service," provides that "[n]o person shall be disqualified from holding office in this state because of sex." (Emphasis added.) This provision governs *public* office.

solve voting rights claims made by party members over delegate selection and party committee qualifications. Political parties' rights to govern themselves are protected by the first amendment guarantee of free association. *Eu v. San Francisco County Democratic Central Committee,* 489 U.S. 214, 109 S.Ct. 1013, 103 L.Ed.2d 271, (1989). Further, the state's interest in promoting the associational rights of political parties is sufficient to overcome an equal protection challenge to the statute. *See Marchioro v. Chaney,* 90 Wash.2d 298, 582 P.2d 487 (1978) (upholding similar state statute under state equal rights amendment); *Ricard v. Louisiana,* 544 So.2d 1310 (La.App.1989) (upholding similar state statute amended in response to Democratic Party's adoption of equal division rule and noting United States Supreme Court deference to membership rules of political parties). The state has demonstrated an exceedingly persuasive justification for the equal gender rules. *See United States v. Virginia,* 518 U.S. 515, 116 S.Ct. 2264, 135 L.Ed.2d 735, (1996).

The judgment is affirmed.

All concur.

