Standard of Review
Pursuant to article V, section 4.1 of the Missouri Constitution, this Court has the authority to "issue and determine original remedial writs," including the extraordinary writ of mandamus. See State ex rel. Hewitt v. Kerr , 461 S.W.3d 798, 805 (Mo. banc 2015). A relator must demonstrate "a clear, unequivocal, specific right to a thing claimed." Id. This Court, however, will not issue a remedial writ "in any case wherein adequate relief can be afforded by an appeal." Rule 84.22(a).
Analysis
I. Sealing Summary of Privileged Communications Contained within the Master's Report
Healea first argues this Court should issue a writ of mandamus ordering the trial court to seal portions of the master's report containing specific content of the conversation between Healea and his counsel.
The parties agree the surreptitious recording of Healea's conversation with his attorney was a violation of Healea's Sixth *352 Amendment right to counsel.[2] The State conceded no portion of the DVD should be available for viewing and listening. Included in the master's report was paragraph 10, which described the substance of questions Healea posed to his attorney. Yet the master noted the conversation did not involve trial strategy. Accordingly, the master recommended "a remedy less drastic than dismissal of all charges, such as an order excluding all evidence concerning the conversation, should be sufficient to eliminate any prejudice to the [Healea's] fundamental right to a fair trial before an impartial jury."
Despite the master finding portions of the recording to be unintelligible or completely inaudible, paragraph 10 described the substance of questions Healea posed to his attorney. This confidential conversation, as referred to in paragraph 10, should be sealed. The State agreed this Court should seal paragraph 10. Consequently, the trial court shall order the circuit clerk to seal paragraph 10 of the master's report. The circuit clerk shall unseal the remainder of the master's report as it contains no confidential statements by Healea or his attorney. The trial court will have a continuing duty to not allow anything containing privileged communications to be filed unless it is filed under seal.
II. Request to Hold a Hearing on Objections to the Master's Report
Healea next argues this Court should issue a writ of mandamus ordering the trial court to hold a hearing on his objections to the master's report prior to adopting the report. The trial court, however, did consider Healea's objections to the master's report at two hearings. The master's report was filed December 29, 2016. Healea filed his objections to the master's report January 26, 2017, and a hearing was conducted February 9. This hearing concluded with the trial court adopting the recommendation of the master, which rejected Healea's request to dismiss the case. The trial court entered an order suppressing certain evidence[3] and set a new hearing date for all pending motions.
Healea filed a motion to reconsider the decision to adopt the recommendation. Another hearing was held March 2 to address Healea's motion to reconsider, as well as a motion to suppress evidence obtained by use of allegedly invalid search warrants and a motion to close the courtroom. This hearing concluded with the trial court ordering the circuit clerk to keep the master's report sealed in its entirety until March 10, giving Healea eight days to seek a writ from a higher court.[4] In addition, *353 the March 2 order overruled Healea's motion to reconsider the trial court's order adopting the master's report but noted the trial court would reconsider that order again "if [Healea] provides a written request of specific evidence desired to be excluded."
As to any additional issues, Healea does not indicate what he wanted the trial court to consider and why those additional issues should have been resolved in his favor. His failure to fully set forth his argument leaves this Court with nothing to review. See State v. Nunley , 341 S.W.3d 611, 623 (Mo. banc 2011).
III. Request Concerning Search Warrant
Healea requests this Court issue a writ of mandamus ordering the trial court to "adhere to the plain language of Section 542.276," RSMo Supp. 2013. He essentially argues the trial court should exclude blood test results because the signed search warrant was missing at the hearing. At the March 2 hearing, the trial court overruled Healea's motion to suppress evidence of the blood tests after hearing arguments from both sides. The trial court found the search warrant authorizing the State to obtain samples of Healea's blood the night of his arrest was properly signed by a judge.[5]
In challenging both the validity of the search warrant along with the application of the exclusionary rule, Healea is seeking writ relief of issues that appellate courts address on appeal. See, e.g. , State v. Douglass , No. SC95719, 544 S.W.3d 182, 198-200, 2018 WL 830306, at *12 (Mo. banc Feb. 13, 2018). Rule 84.22(a) prohibits courts from issuing remedial writs "in any case wherein adequate relief can be afforded by an appeal." Because Healea has a remedy on appeal, he is not entitled to a writ of mandamus on this issue.
IV. Requests for Relief not Previously Refused by the Trial Court
Finally, Healea makes two additional requests for writs of mandamus. Healea claims this Court should issue a writ of mandamus ordering the trial court to disqualify the Attorney General's Office as special prosecutor in this case because it possessed the DVD of his confidential communication with his attorney. In addition, Healea contends this Court should issue a writ of mandamus ordering the trial court to grant his request to order the police department to purge its servers and case files containing the recording of his confidential conversation with his attorney.
For a court to issue a writ of mandamus, "there must be an existing, clear, unconditional, legal right in relator, and a corresponding present, imperative, unconditional duty upon the part of respondent, and a default by respondent therein. " State ex rel. Pub. Serv. Comm'n of Mo. v. Mo. Pac. R. Co. , 280 Mo. 456, 218 S.W. 310, 311 (Mo. banc 1919) (emphasis added).
It is fundamental in the law of mandamus ... that a prior express and specific demand be made of respondent of that which relator seeks, and that a refusal of such demand occur , before relator has any standing in court, or his application *354 for the writ contains any ground for relief.
State ex rel. Star Pub. Co. v. Associated Press , 159 Mo. 410, 60 S.W. 91, 93 (Mo. 1900) (emphasis added).
Healea is not entitled to a writ of mandamus on either of these requests for relief because the trial court did not refuse to rule on these issues. Healea included these requests for relief in his objections to the master's report and brought them to the attention of the trial court during the February 9 and March 2 hearings. The order of the trial court on February 9 stated as follows:
After reviewing Special Master report [sic], the Court suppresses the use in evidence any and all testimony and evidence regarding [the substance of Healea's recorded conversation with his attorney]; Jury trial set for 6/5-7/17; Hearing on all pending motions set for 3/2/17 @ 9:AM in Macon, Missouri.
The order at the March 2 hearing stated:
[A]fter arguments of parties, the Circuit Clerk is directed to unseal and make available for public viewing the Report of the Special Master on 3-10-2017; exhibits supporting the Report of the Special Master shall remain sealed; [Healea's] motion to Close Hearing taken up and granted only in that no audio recordings shall be allowed by the media today; [Healea's] motion to reconsider the Court's use of the Report of the Special Master is denied but will be reconsidered if [Healea] provides a written request of specific evidence desired to be excluded; [Healea's] Motion to Suppress is taken up and granted only as to evidence acquired from "facebook" search warrant and "cell phone" search warrant; [Healea's] Motion to Suppress is denied as to search warrant for blood draw; Circuit Clerk to call 70 jurors to appear 6/5/17 @ 9:AM; Attorneys and [Healea] to appear 6/5/17 @ 8:AM; State to email instructions to Judge Tucker by 5/30/17 in Word.
That order only addressed the issue of unsealing the master's report and Healea's motion to suppress certain pieces of evidence. After the trial court ordered the master's report be unsealed, Healea explicitly asked the trial court to delay opening the master's report to the public until he had the opportunity to seek a writ from a higher court on the specific issue of unsealing the master's report. For this reason, the trial court directed the master's report to be unsealed eight days later on March 10.
Although Healea discussed at the February 9 and March 2 hearings his request to disqualify the entire Attorney General's Office from serving as special prosecutor in this case and his request to order the police department to purge its servers and case files, there was no indication from the docket sheets or from the transcripts that the trial court made a ruling on either request.[6] Because the trial court did not refuse such demands and made no rulings, Healea has not established he has a clear, unequivocal, specific right to a writ of mandamus on these issues.
*355 Conclusion
For these reasons, the preliminary writ is made permanent in part and quashed in part. The trial court shall order the circuit clerk to seal paragraph 10 of the master's report because it described the substance of questions Healea posed to his attorney. The circuit clerk shall unseal the remainder of the master's report.
Healea's request for a writ to order the trial court to conduct a hearing on his objections to the master's report is denied as the trial court conducted two hearings on the matter. Healea's request for a writ as to the validity of a search warrant is likewise denied because adequate relief can be afforded on appeal. This Court does not address Healea's other requests for mandamus relief as they were not ruled on by the trial court.
All concur.

The police department also violated section 600.048.3, RSMo Supp. 2013, which requires law enforcement officials in charge of jails, sheriffs' offices, or detention facilities "to make a room or place available therein where any person held in custody under a charge or suspicion of a crime will be able to talk privately with his or her lawyer." (Emphasis added). Further, section 900.8 of the police department's policy manual provides: "Telephone calls between the detainee and his attorney shall be paid by the Department and shall be deemed confidential and shall not be monitored, eavesdropped upon or recorded." Section 900.9(3) of the policy manual states: "Interviews between attorneys and their clients shall not be monitored or recorded." As such, the State has conceded the police department's actions violated section 600.048.3 and the department's own policies.

The trial court suppressed the use of any and all testimony and evidence regarding the topic Healea discussed with his attorney on the night of his arrest.

The trial court directed the exhibits in support of the master's report to remain sealed from public view.

The State filed a motion to supplement the legal file with a DVD containing police body camera evidence from the night of Healea's arrest, which shows officers providing Healea with a search warrant signed by a judge. The exhibit is accepted pursuant to Rule 84.24(g), and the motion to supplement the record is overruled as moot. In the video, the warrant judge's signature is plainly visible and the officer can be heard saying the name of the warrant judge who signed it. In addition, the arresting officer testified at the March 2 hearing that he provided a sworn affidavit with the search warrant complaint. He testified the warrant judge signed the search warrant at her residence.

There was no specific ruling, oral or written, suggesting the trial court considered the relevant factors for deciding whether to disqualify a prosecuting authority, namely whether a "reasonable person with knowledge of all the facts and circumstances in this case" would find an appearance of impropriety that would cast doubt on the fairness of the trial. State v. Lemasters , 456 S.W.3d 416, 425 (Mo. banc 2015). In addition, the trial court expressed uncertainty about how to verify if the police department purged its server and files. Although the trial court agreed the police department should not retain any copies of the recorded conversation between Healea and his attorney, there was no indication in the record if the police department, in fact, was still in possession of a physical or digital copy of the recording.