

# IN THE MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

CLARKSON CONSTRUCTION CO., )
)
Appellant, )
)
v. )   **WD82155**
)
)
)   **OPINION FILED:**
ALISA WARREN, MISSOURI )   **August 6, 2019**
COMMISSION ON HUMAN RIGHTS, )
and CHARLES WATKINS, )
)
Respondents. )

### Appeal from the Circuit Court of Cole County, Missouri
### The Honorable Jon E. Beetem, Judge

**Before Division Two:**  Lisa White Hardwick, Presiding Judge, and
Thomas H. Newton and Mark D. Pfeiffer, Judges

Clarkson Construction Company ("Clarkson") appeals from the judgment of the Circuit

Court of Cole County, Missouri ("circuit court"), in favor of the Missouri Commission on

Human Rights ("MCHR"); Dr. Alisa Warren, Executive Director of MCHR ("Director"); and

Charles Watkins, a former Clarkson employee ("Watkins"), on Clarkson's petition seeking a writ

of mandamus.  Clarkson presents two points on appeal.  Because Clarkson's assertion in both

points on appeal is that MCHR and Director exceeded their statutory authority in violation of

section 213.111.1[1] by accepting a second charge of discrimination from Watkins that related to his earlier charge of discrimination and by issuing him a second notice of right to sue, we will address the points together. We affirm.

### Facts and Procedural History

On October 13, 2016, Watkins dual-filed a charge of discrimination ("First Charge") against Clarkson with the Equal Employment Opportunity Commission ("EEOC") and MCHR. Watkins alleged in the First Charge that he was subjected to race discrimination by his employer, Clarkson—specifically alleging an unlawful and racially discriminatory practice of harassment by Clarkson foreperson, Mary Serene—between July 1, 2016, and August 23, 2016.

On November 1, 2016, MCHR and Director issued to Watkins a Notice of Right to Sue. The Notice of Right to Sue stated:

> The MCHR has been informed that the EEOC has completed its processing of your complaint and issued a notice of your right to sue. Based on a review of EEOC's investigation summary, the MCHR has decided to adopt the EEOC's findings, terminate its proceedings in this case and issue this notice of your right to sue on your claims under the MHRA.[2]

On appeal, Clarkson does not challenge the First Charge, the authority of MCHR to issue Watkins a Notice of Right to Sue for his claim of the unlawful discriminatory practice of racially motivated harassment and discrimination, nor the timeliness of Watkins's lawsuit filed on January 23, 2017, asserting his race discrimination claim that was the subject of the First Charge.

On January 3, 2017, Watkins dual-filed another charge of discrimination ("Second Charge") with the EEOC and MCHR against Clarkson. In the Second Charge, Watkins asserted that on August 23, 2016, he was subjected to age and race discrimination when he was

---

[1] All statutory references are to the REVISED STATUTES OF MISSOURI 2000, as updated through the 2015 noncumulative supplement.

[2] The Notice of Right to Sue further stated: "Upon issuance of this notice, the MCHR shall terminate all proceedings relating to the complaint. No person may file or reinstate a complaint with the MCHR after the issuance of a notice under this section relating to the same practice or act."

terminated on that date, but described the race discrimination as, "I believe I was discharged in *retaliation* for *complaining* of race discrimination . . . ." (Emphasis added.) In the Second Charge, Watkins does not complain of his foreperson's alleged racially motivated harassment and discrimination; rather, he complains that the managerial hierarchy of Clarkson terminated him in retaliation for complaining of the alleged harassment by his foreperson.

On January 12, 2017, the EEOC issued a Notice of Right to Sue under the Second Charge to Watkins. The MCHR issued its Notice of Right to Sue related to the Second Charge in January 2017 as well. In the EEOC's Notice of Right to Sue under the Second Charge, the EEOC stated that in regard to Watkins's allegations relating to Title VII of the Civil Rights Act of 1964:

> Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.
>
> The EEOC is terminating its processing of this charge.

The EEOC further stated in regard to Watkins's allegations relating to the Age Discrimination in Employment Act ("ADEA") that: "The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice**. Otherwise, your right to sue based on the above-numbered charge will be lost."

On January 23, 2017, Watkins timely filed a petition under the Missouri Human Rights Act ("MHRA") against Clarkson and Watkins's former foreperson, Mary Serene, alleging race discrimination and harassment, age discrimination and harassment, and retaliation.

On March 7, 2017, Clarkson filed the subject petition for writ of mandamus. Clarkson requested the court to issue a writ of mandamus compelling MCHR and Director to withdraw and vacate the notice of right to sue and to dismiss and administratively close all proceedings

3

related to the Second Charge.[3] The circuit court entered a preliminary order in mandamus on March 8, 2017.

The parties subsequently filed dueling motions seeking summary adjudication of the writ petition. The gist of Clarkson's argument was that the Second Charge was filed in violation of section 213.111, in that once a right-to-sue notice has been issued, MCHR must terminate all proceedings, and no one can re-file a claim related to the same practices or act; consequently, MCHR issued a right-to-sue notice on the Second Charge in violation of section 213.111, and the Second Charge should be dismissed. Conversely, MCHR's position was that the First Charge and Second Charge represented separate and distinct practices or acts of race discrimination, age discrimination, and retaliation occurring on different dates.

The circuit court held a hearing on August 20, 2018, and ultimately entered judgment on August 30, 2018, in favor of MCHR, Director, and Watkins relating to all issues raised by the petition for writ of mandamus.

Clarkson timely appealed.

**Jurisdiction**

"When a circuit court 'issues a preliminary order and a permanent writ later is denied, the proper remedy is an appeal.'" *State ex rel. Naugles v. Mo. Comm'n on Human Rights*, 561 S.W.3d 48, 50 (Mo. App. W.D. 2018) (quoting *Curtis v. Mo. Democratic Party*, 548 S.W.3d 909, 914 (Mo. banc 2018)). In this case, the circuit court denied Clarkson permanent relief based on its assessment of the merits of its claims, after issuing preliminary orders in mandamus to MCHR, Director, and Watkins and conducting a hearing. Accordingly, Clarkson is entitled to appeal the circuit court's judgment.

---

[3] Initially, Clarkson sought the same mandamus declaration related to the First Charge, but Clarkson later dismissed its claim for relief as to the First Charge.

**Standard of Review**

"Where an appeal is appropriate, this Court reviews the denial of a petition for a writ of mandamus for an abuse of discretion." *Id*. at 51 (internal quotation marks omitted). Our review is guided by the principle that "[a] writ of mandamus should issue only when a petitioner allege[s] and prove[s] that he has a clear, unequivocal, specific right to a thing claimed." *Curtis*, 548 S.W.3d at 914 (internal quotation marks omitted). "[T]his Court will affirm the circuit court's judgment if it is correct on any ground supported by the record, regardless of whether the [circuit] court relied on that ground." *Id.* at 918. "This Court is primarily concerned with the correctness of the result, not the route taken by the [circuit] court to reach it." *Id.* (internal quotation marks omitted).

**Analysis**

Clarkson asserts that it is entitled to mandamus relief because MCHR and Director exceeded their statutory authority and violated section 213.111.1 by accepting a Second Charge of discrimination from Watkins and issuing a second notice of right to sue to him. "A writ of mandamus is discretionary, and there is no right to have the writ issued." *Curtis*, 548 S.W.3d at 914 (internal quotation marks omitted). Mandamus may not be used to establish a legal right; it may only be used to compel performance of a right that already exists. "The purpose of the extraordinary writ of mandamus is to compel the performance of a ministerial duty that one charged with the duty has refused to perform." *Furlong Cos. v. City of Kansas City*, 189 S.W.3d 157, 165 (Mo. banc 2006). In other words, the purpose of the writ is to execute, not to adjudicate. *State ex rel. Chassaing v. Mummert*, 887 S.W.2d 573, 576 (Mo. banc 1994).

"Whether a petitioner's right to mandamus is clearly established and presently existing is determined by examining the statute or ordinance under which petitioner claims the right."

*State ex rel. Scherschel v. City of Kansas City*, 470 S.W.3d 391, 397 (Mo. App. W.D. 2015).

Clarkson contends that the plain language of section 213.111.1 prohibited Watkins's Second

Charge, and therefore, MCHR and Director wrongly accepted the Second Charge and improperly

issued to Watkins a second notice of right to sue.

> Section 213.111.1 provides, in pertinent part:

> If, after one hundred eighty days from the filing of a complaint alleging an unlawful discriminatory practice . . . , the commission has not completed its administrative processing and the person aggrieved so requests in writing, the commission shall issue to the person claiming to be aggrieved a letter indicating his or her right to bring a civil action within ninety days of such notice against the respondent named in the complaint.[4] . . . Upon issuance of this notice, the commission shall terminate all proceedings relating to the complaint. No person may file or reinstate a complaint with the commission after the issuance of a notice under this section relating to the same practice or act.

Section 213.111.1 prohibits a person from filing or reinstating a complaint with the MCHR after

the issuance of a right-to-sue letter "relating to the same practice or act." To determine whether

the MCHR and Director exceeded their statutory authority and violated section 213.111.1 by

accepting a second charge of discrimination and issuing a second notice of right to sue, we must

determine whether the unlawful discriminatory practices or acts alleged in each charge of

discrimination "relat[ed] to the same practice or act"[5] or whether the unlawful discriminatory

practice or acts alleged in each charge of discrimination were distinct violations.

---

[4] In *State ex rel. Tivol Plaza, Inc. v. Missouri Commission on Human Rights*, 527 S.W.3d 837 (Mo. banc 2017), the Missouri Supreme Court held that the MCHR was required by section 213.111, RSMo to issue a right-to-sue letter, without first determining its own jurisdiction, whenever a complaining party requested a right-to-sue letter, and more than 180 days had passed since the filing of the charge of discrimination. *Tivol* is inapplicable here, because the MCHR issued Watkins a right-to-sue notice on the Second Charge well before the 180-day threshold. *See Tivol*, 527 S.W.3d at 844 (citing, and distinguishing, *Farrow v. St. Francis Medical Center*, 407 S.W.3d 579 (Mo. banc 2013)).

[5] In Clarkson's appellate briefing to this Court, Clarkson referred to the defect in the Second Charge as complaints "of the same acts, discrimination and unlawful termination" as the First Charge. Appellant Reply Br. 4. However, at oral argument, Clarkson argued for the first time that the term "act" as contemplated by section 213.111.1 could only mean one thing as it related to Watkins—the act of termination. First, Clarkson's new argument at oral argument ignores that section 213.111.1 refers not only to "acts" but to "unlawful discriminatory practices" as well. "This Court presumes every word, sentence, or clause in a statute has effect, and the legislature did not insert superfluous language." *Mantia v. Mo. Dep't of Transp.*, 529 S.W.3d 804, 809 (Mo. banc 2017). "The

We conclude that the charges Watkins filed with the EEOC and MCHR were allegations of separate and distinct "practices or acts" occurring on different dates. In the First Charge, Watkins made specific and numerous allegations of racially motivated harassment and discrimination on the job by his foreperson between the dates of July 1, 2016, and August 23, 2016. Conversely, in the Second Charge, Watkins alleged that he was *retaliated* against by Clarkson managerial hierarchy due to his *complaints* of race discrimination by his foreperson— and his allegation was that Clarkson's retaliation occurred on August 23, 2016.[6] Simply put, being subjected to the practice of racially discriminatory harassment on the job (*i.e.*, First Charge) on different dates and by a different person than alleged in the Second Charge is not the same as being retaliated against because of complaining about such conduct (*i.e.*, Second Charge) by different Clarkson management on a different date than what was substantively encompassed and alleged in the First Charge.

Since the Second Charge did not relate to the same "practice or act" described in the First Charge, MCHR acted within its statutory authority and did not violate section 213.111.1 in accepting Watkin's Second Charge and issuing a right-to-sue notice for the Second Charge.

Clarkson has failed to demonstrate that it has a clear and unequivocal right to the mandamus relief it requests; therefore, we refuse to conclude that the circuit court abused its discretion in denying the relief requested by Clarkson in its petition for writ of mandamus.

Clarkson's points on appeal are denied.

---

provisions of a legislative act must be construed and considered together and, if possible, all provisions must be harmonized and every clause given some meaning." *Dickemann v. Costco Wholesale Corp.*, 550 S.W.3d 65, 68 (Mo. banc 2018). Second, when reviewing the Missouri Approved Instruction for a verdict-directing instruction on an MHRA case adopted by our Missouri Supreme Court, M.A.I. 38.01(A), the mandatory instruction and corresponding Notes on Use contemplate "discharge," "course of conduct," "harassment," and any "other act within the scope of § 213.055, RSMo" as separate "alleged discriminatory acts." Accordingly, we must treat these descriptions as separate and distinct "practices or acts" as well.

[6] Within the same date range, Watkins also alleged a new allegation of age discrimination as well.

**Conclusion**

The circuit court's judgment is affirmed.

/s/ *Mark D. Pfeiffer*

Mark D. Pfeiffer, Judge

Lisa White Hardwick, Presiding Judge, and Thomas H. Newton, Judge, concur.