

# SUPREME COURT OF MISSOURI
## en banc

BG OLIVE & GRAESER, LLC, and )
FORSYTH INVESTMENTS, LLC, )
                                                      )

*Opinion issued December 20, 2022*

                              Respondents, )

v. )

No. SC99619

CITY OF CREVE COEUR, MISSOURI, )

                                 Appellant. )

### APPEAL FROM THE CIRCUIT COURT OF ST. LOUIS COUNTY
The Honorable Nancy Watkins McLaughlin, Judge

The City of Creve Coeur, Missouri (hereinafter, "the City"), appeals from a judgment and an order in mandamus, requiring the City to issue a conditional use permit (hereinafter, "CUP"). The City asserts the circuit court improperly overrode the City's discretion to issue a CUP and failed to apply proper standards when reviewing its decision. The circuit court's judgment is reversed, and its order in mandamus is quashed.[1]

---

[1] This Court has jurisdiction pursuant to article V, section 10 of the Missouri Constitution because it granted transfer after opinion by the Missouri Court of Appeals, Eastern District.

## Factual and Procedural Background

BG Olive & Graeser, LLC and Forsyth Investments, LLC (hereinafter, and collectively, "Property Owners") own adjacent parcels of property in the City. Property Owners entered into a contingent agreement to sell their property to QuikTrip. This sale was contingent upon the City issuing a CUP, which would allow QuikTrip to construct a new convenience store and service station.

QuikTrip applied for a CUP from the City. Section 405.1070[2] of the City's Code of Ordinances governs CUPs. QuikTrip's application stated it sought to develop a new gas station and convenience store. QuikTrip noted the location was in a well-travelled area and would serve those driving in this area. The City's staff notified QuikTrip its application was incomplete and provided a list of items it needed to supplement. QuikTrip worked with the City's staff, ensuring its application was compliant and conformed to the City's criteria. The City's Director of Community Development recommended the City issue the CUP to QuikTrip.

The bill seeking approval of QuikTrip's CUP was introduced before the City Council (hereinafter, "the "Council"). After the presentation in support of the CUP and hearing from residents who opposed the CUP, the Council unanimously denied QuikTrip's application.

Property Owners filed an application for judicial review. Pursuant to section 536.150,[3] the circuit court conducted a trial *de novo*. After the trial, the circuit

---

[2] All references to section 405.1070 refer to the City's Code of Ordinances.
[3] All statutory references are to RSMo 2016.

court entered its judgment and an order in mandamus, finding the City's ordinances required the City to issue the CUP. The circuit court found, because there was evidence supporting the six standards in the City's zoning code, section 405.1070(E), the City's refusal to issue the CUP was unlawful, unreasonable, arbitrary, capricious, and constituted an abuse of discretion.

The City appeals, arguing the circuit court failed to apply the proper standard for reviewing a noncontested case. The City asserts the circuit court properly created the factual record at the trial *de novo* but then substituted its discretion determination for that of the City's. Additionally, the City avers the circuit court erred in issuing the writ of mandamus because the circuit court exceeded its authority and went beyond the scope of relief in that the City's ordinances preserve its discretionary authority in issuing a CUP. The City also believes the circuit court's judgment is against the weight of the evidence because QuikTrip is not a neighborhood business.

## Standard of Review

This Court reviews a circuit court's grant of relief, pursuant to section 536.150, from an agency decision consistent with any other court-tried case. *State ex rel. Swoboda v. Mo. Comm'n on Hum. Rights*, 651 S.W.3d 800, 803-04 (Mo. banc 2022). "An appellate court must sustain the decree or judgment of the [circuit] court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Furlong Cos. v. City of Kan. City*, 189 S.W.3d 157, 168 (Mo. banc 2006). "Questions of law,

including matters of statutory interpretation, are reviewed *de novo.*" *Swoboda*, 651 S.W.3d at 804.

## Noncontested Case Review

Whether an administrative proceeding was contested or noncontested is a matter of law. *Lampley v. Mo. Comm'n on Hum. Rights*, 570 S.W.3d 16, 20 (Mo. banc 2019). "Contested cases provide the parties with an opportunity for a formal hearing with the presentation of evidence, including sworn testimony of witnesses and cross-examination of witnesses, and require written findings of fact and conclusions of law." *Furlong*, 189 S.W.3d at 165. In contrast, noncontested cases "do not require formal proceedings or hearings before the administrative body[,]" and there is no agency record to review. *Id.* Here, there was not a formal hearing before the Council when it considered QuikTrip's application for a CUP. Accordingly, this is a noncontested case.

Appellate review of a noncontested case is governed by section 536.150. Section 536.150.1 states:

> When any administrative officer or body existing under the constitution or by statute or by municipal charter or ordinance shall have rendered a decision which is not subject to administrative review, determining the legal rights, duties or privileges of any person, including the denial or revocation of a license, and there is no other provision for judicial inquiry into or review of such decision, such decision may be reviewed by suit for injunction, certiorari, mandamus, prohibition or other appropriate action, and in any such review proceeding the court may determine the facts relevant to the question whether such person at the time of such decision was subject to such legal duty, or had such right, or was entitled to such privilege, and may hear such evidence on such question as may be properly adduced, and the court may determine whether such decision, in view of the facts as they appear to the court, is unconstitutional, unlawful, unreasonable, arbitrary, or capricious or involves an abuse of discretion; and the court shall render judgment accordingly, and may order the administrative officer or body to take such

4

further action as it may be proper to require; but the court shall not substitute its discretion for discretion legally vested in such administrative officer or body, and in cases where the granting or withholding of a privilege is committed by law to the sole discretion of such administrative officer or body, such discretion lawfully exercised shall not be disturbed.

## Mandamus

Mandamus is a discretionary writ, and there is no right to have the writ issued. *State ex rel. Vacation Mgmt. Sols., LLC v. Moriarty*, 610 S.W.3d 700, 701 (Mo. banc 2020); *Curtis v. Mo. Democratic Party*, 548 S.W.3d 909, 914 (Mo. banc 2018). "For a court to issue a writ of mandamus, there must be an existing, clear, unconditional, legal right in relator, and a corresponding present, imperative, unconditional duty upon the part of respondent, and a default by respondent therein." *State ex rel. Healea v. Tucker*, 545 S.W.3d 348, 353 (Mo. banc 2018) (internal emphasis and quotations omitted). "The purpose of the extraordinary writ of mandamus is to compel the performance of a ministerial duty that one charged with the duty has refused to perform." *Furlong*, 189 S.W.3d at 165. Mandamus should not be used to control or direct the exercise of discretionary powers. *State ex rel. Universal Credit Acceptance, Inc. v. Reno*, 601 S.W.3d 546, 548 (Mo. banc 2020).

## Analysis

The dispositive issue in this case is whether the circuit court conducted a proper review of the Council's decision to not issue a CUP. Section 536.150 allows the circuit court to conduct a trial *de novo* to develop its own record and determine facts. The circuit court then is tasked with determining whether the agency decision, "in view of the facts as they appear to the court, is unconstitutional, unlawful, unreasonable, arbitrary, or

capricious or involves an abuse of discretion[.]" *Id.* However, the circuit court is prohibited from "substitut[ing] its discretion for discretion legally vested in such administrative officer or body[.]" *Id.*

The City's zoning code codifies its standards and procedures to procure a CUP. Section 405.1070. Section 405.1070(A)(1) authorizes the City to determine the appropriateness of a CUP in areas where the proposed use is not authorized as a matter of law. In every determination as to whether to grant a CUP, "the *City reserves full authority* to deny any request for a conditional use[.]" Section 405.1070(A)(2) (emphasis added). The Council "shall not approve" a CUP unless it finds the evidence and application clearly:

> 1. Complies with all other applicable provisions of this Chapter[.]
>
> 2. Will contribute to and promote the community welfare and convenience at the specific location.
>
> 3. Will not cause substantial injury to the value of the neighboring property.
>
> 4. Meets the applicable provisions of the City's Comprehensive Plan[.]
>
> 5. Will provide, if applicable, erosion control and on-site stormwater detention in accordance with the standards contained in this Chapter.
>
> 6. Will be compatible with the surrounding area and thus will not impose an excessive burden or have a substantial negative impact on surrounding or adjacent users or on community facilities or services.

Section 405.1070(E).

In this case, the circuit court properly heard evidence in the trial *de novo*. Some of this evidence included facts, which it determined would meet section 405.1070(E)'s factors supporting issuing the CUP. The circuit court also heard evidence there was

6

opposition to the CUP from the City's residents. The circuit court found that, because there was evidence presented supporting a finding each of section 405.1070(E)'s six factors were met, the City's refusal to issue the CUP was unlawful, unreasonable, arbitrary, capricious, and constituted an abuse of discretion The circuit court cited *450 N. Lindbergh Legal Fund, LLC v. City of Creve Coeur, Missouri*, 477 S.W.3d 49, 54 (Mo. App. E.D. 2015), which considered the same City ordinance, in support of its decision.

Yet, *450 N. Lindbergh Legal Fund* directed a CUP would issue *only if* the City's code criteria were met; there was no limitation that a CUP must issue as a matter of law when there was some evidence supporting only a single subsection of the City's code. *Id.* at 54. Hence, the circuit court's analysis—which omitted relevant language from *450 N. Lindbergh Legal Fund* and considered the isolated factors listed in section 405.1070(E)— failed to look at section 405.1070 in its entirety to determine whether the City's decision was unlawful, unreasonable, arbitrary, capricious, or constituted an abuse of discretion.

The circuit court should have examined the entirety of the City's code and then determined whether, based upon evidence presented, the City's decision refusing to issue the CUP was unlawful, unreasonable, arbitrary, capricious, or constituted an abuse of discretion. *See* section 536.150.1. The circuit court should have reviewed the City's determination based upon the evidence rather than making its own independent decision regarding issuance of the CUP. In reaching its decision to issue the CUP, the circuit court had to ignore part of the same City ordinance it relied upon. Section 405.1070(A)(2) states, "the *City reserves full authority* to deny any request for a conditional use[.]" (Emphasis added). Even if there were evidence supporting the six

7

factors in section 405.1070(E), the City still retained the discretion to deny the CUP pursuant to section 405.1070(A)(2). Accordingly, the circuit court erroneously applied the law and improperly overrode the City's discretion in violation of section 536.150.1.

## Conclusion

The circuit court's judgment is reversed, and its writ of mandamus is quashed.

_____
GEORGE W. DRAPER III, Judge

All concur.